IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**9T TECHNOLOGIES LLC dba**
**7L Freight,** an Oregon corporation,

      Plaintiff,                                    No. 3:14-cv-00878-MO

            v.                                     OPINION AND ORDER

**AIRCARGO COMMUNITIES, INC.,**
A California corporation,

      Defendant.

**MOSMAN, J.**,

      On May 30, 2014, Plaintiff 9T Technologies, LLC ("9T Tech") filed a complaint seeking a declaratory judgment that Defendant Aircargo Communities, Inc. ("ACI") is without right or authority to maintain a suit against 9T Tech for the use of what ACI claims to be ACI's proprietary data. ACI now moves to dismiss [17] the claims brought against it pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). ACI argues that: (1) this court lacks both subject matter and personal jurisdiction to hear this case; (2) 9T Tech's complaint fails to state a claim for declaratory relief; and (3) in the event that I find this court has jurisdiction to hear this case, I should transfer it to a more appropriate venue. After considering both parties' arguments, I have determined that this court lacks personal jurisdiction over ACI. ACI's motion to dismiss is granted.

1 – OPINION AND ORDER

## FACTS

It is undisputed that ACI has had contacts with the state of Oregon. ACI's business operates by selling licenses to its database to customers located in Oregon. The extent of these contacts and whether or not they give rise to personal jurisdiction over ACI is vigorously debated by the parties.

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In determining whether this burden is met, I view the facts and resolve factual disputes in favor of plaintiff. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Applying this standard, I find the following to be the facts relevant to this case:

- 9T Tech is a competitor, not a customer, of ACI.
- ACI is not licensed to do business in Oregon.
- ACI does not own, lease, or sublease any property in Oregon.
- ACI does not have any bank accounts in Oregon.
- ACI has a significant number of customers in other states that move freight in and through Oregon.
- Two of the twenty local Oregon trucking companies are ACI members.
- ACI operates an interactive website that allows customers in any state to access pricing estimates and zoning data for trucking companies in Oregon, and every other state.
- ACI does not have an agent in Oregon that travels the roadways searching for traffic and construction issues.
- 9T Tech filed this lawsuit in response to a cease and desist letter it received from ACI complaining that 9T Tech had illegally published ACI's proprietary data.

## LEGAL STANDARD

To defeat a motion to dismiss for lack of personal jurisdiction, 9T Tech must "demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky*, 328 F.3d at 1129 (quoting *Ballard*, 65 F.3d at 1498). Oregon law permits courts to exercise personal jurisdiction to the extent allowed by the due process clause of the Constitution. Or. R. Civ. P. 4(L); *State ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 384–86, 657 P.2d 211, 212–13 (Or.1982). To satisfy due process, a non-resident defendant must "have certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Harris Rutsky*, 328 F.3d at 1129 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction is further divided into general and specific jurisdiction. *See Albany Ins. Co. v. Rose–Tillmann, Inc.*, 883 F.Supp. 1459, 1463 (D.Or. 1995). "If a nonresident defendant's activities in the forum state are substantial or continuous and systematic, the court may assert general jurisdiction over a claim, even if the claim is unrelated to the defendant's forum activities." *Id.* (citing *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986)). In a recent unanimous decision, the United States Supreme Court held that, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum state." *Daimler AG v. Bauman et al.*, 134 S. Ct. 746, 754 (2014)(quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

Although a foreign corporation typically is not subject to general jurisdiction, it may still be subject to specific jurisdiction. "If, however, the defendant's activities are not so pervasive as to subject him to general jurisdiction, the issue whether [specific] jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). "[T]he claim must be one that arises out of or results from the defendant's forum-related activities." *Id.* The Ninth Circuit specifically has said:

> A cease and desist letter is not in and of itself sufficient to establish personal jurisdiction over the sender of the letter. There are strong policy reasons to encourage cease and desist letters. They are normally used to warn an alleged rights infringer that its conduct, if continued, will be challenged in a legal proceeding, and to facilitate resolution of a dispute without resort to litigation. If the price of sending a cease and desist letter is that the sender thereby subjects itself to jurisdiction in the forum of the alleged rights infringer, the rights holder will be strongly encouraged to file suit in its home forum without attempting first to resolve the dispute informally by means of a letter.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006)(internal citations omitted). In case like this one, a cease and desist letter and some additional contacts are required to establish specific jurisdiction. *Id.*

## DISCUSSION

### A.   *General Jurisdiction*

In determining whether or not a foreign corporation is "at home" in the forum state, the Supreme Court and Ninth Circuit have described the types of contacts that are and are not sufficient to make a corporation "at home." The Supreme Court has found general personal jurisdiction over a non-resident corporate defendant in only one case, *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). The Supreme Court has referred to that case as the "textbook case of general jurisdiction appropriately exercised over a foreign corporation that

has not consented to suit in the forum." *See Goodyear*, 131 S. Ct. at 2856. In *Perkins*, the defendant was a Philippine mining company. *Perkins*, 342 U.S. at 447. During World War II, the president of the company returned from the Philippines to his home in Clermont County, Ohio and continued to operate the business. *Id.* He maintained an office in Ohio; several directors meetings were held in Ohio; he kept the company office filed there; he carried on correspondence relating to the company and its employees; he drew and distributed salary checks on behalf of the company; and he maintained two bank accounts at banks in Ohio. *Id.* at 448. Given these facts, the Supreme Court held that "it would not violate federal due process for Ohio either to take or decline jurisdiction of the corporation in this proceeding." *Id.* Put another way, the Supreme Court determined that the nature and quality of these contacts made the corporation, although a Philippine corporation, "at home" in Ohio.

In contrast, in *Goodyear* and *Helicopteros* the Supreme Court found seemingly extensive contacts with the forum state insufficient to establish general jurisdiction. 131 S. Ct. 2846 (2011); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). In *Goodyear*, the defendants, French and Turkish subsidiaries of Goodyear USA, had produced millions of tires, and several thousand of those tires had, in the stream of commerce, ended up being sold to customers in North Carolina. *Goodyear*, 131 S. Ct. at 2852. The subsidiaries did not have employees, a place of business, or bank accounts in North Carolina; were not registered to do business in North Carolina; did not design, manufacture or advertise their products in North Carolina; and did not themselves ship tires to North Carolina. *Id.* The Supreme Court found that despite their product being indirectly sold to customers in North Carolina, these contacts did not justify a North Carolina court exercising general jurisdiction over the foreign companies. *Id.* at 2857.

5 – OPINION AND ORDER

In *Helicopteros*, the Supreme Court held that a Columbian company was not subject to general jurisdiction in Texas despite having sent its CEO to Texas to negotiate a contract; buying 80% of its aircraft in Texas; sending its pilots for training in Texas; sending management and maintenance personnel to Texas for technical consultation; and receiving over $5 million in contract payments from a fund drawn on a Texas bank. *Helicopteros*, 466 U.S. at 411.

In *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, the Ninth Circuit declined to find general jurisdiction over a foreign defendant that had allowed third parties to use its website to advertise in the forum state; sold tickets to events in the forum state on its website; employed a firm from within the forum to design its website; had relationships with organizations within the forum state; and maintained a highly interactive website available in the forum state. 647 F.3d 1218, 1225 (9th Cir. 2011).

After reviewing the facts of this case, I find that ACI has not done anything in Oregon that was not also done by the defendants in *Goodyear*, *Helicopteros*, and *Mavrix*. In addition, I do not believe that ACI has had nearly the amount of contact with Oregon as the defendant in *Perkins* had with Ohio. ACI has never set up a pseudo corporate headquarters and operated its business out of that headquarters even remotely close to the way that the defendant in *Perkins* did. Given this binding authority, I find that ACI has not had sufficient contacts with Oregon to make it "at home" in Oregon, and therefore I find that it would be inappropriate to exercise general jurisdiction over ACI in the state of Oregon. *Daimler*, 134 S. Ct. at 754.

B.   *Specific Jurisdiction*

In order to exercise specific jurisdiction over ACI in this case, 9T Tech's claim must arise from ACI's contacts with Oregon. *Data Disc*, 557 F.2d at 1287. In the context of this case, some additional contacts in addition to the cease and desist letter that ACI sent 9T Tech are required to

establish specific jurisdiction. *Yahoo! Inc.*, 433 F.3d at 1208. Although there is no precise definition in the case law of what constitutes something more in addition to a cease and desist letter, ACI has cited two cases that provide helpful guidance.

In *Avocent Huntsville Corp. v. Aten Int'l Co.*, the Federal Circuit held that, "defendant patentee's mere acts of making, using, offering to sell, selling, or importing products—whether covered by the patent(s) or not—do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability." 552 F.3d 1324, 1336 (Fed. Cir. 2008). The Federal Circuit went on to say that in order to establish specific jurisdiction over the patent holder in the declaratory judgment action, the patent holder must have engaged in "other activities" related to the enforcement of the patent in the forum state. *Id.*

In *Lake Associates, LLC v. DNZ Products LLC*, an Oregon District Court held that infringement letters alone cannot establish specific jurisdiction for a patent declaratory judgment action. 886 F. Supp. 2d 1203, 1211 (D. Or. 2012). The court went on to say that defendant's sales in Oregon and its distribution agreements covering Oregon were not sufficiently related to the enforcement or defense of the patent in order to give rise to specific jurisdiction. *Id.* The court held that the plaintiff must also show that the defendant had engaged in other activities related to the enforcement or defense of the patent. *Id.*

In the present case, instead of a patent there is allegedly proprietary data. Other than that small difference, this case is almost perfectly analogous to the two cases cited by the defendant. The fact that ACI conducts business in Oregon has nothing to do with the substance of the claim that forms the basis of the declaratory judgment action filed by 9T Tech. If we hypothetically removed all of ACI's contacts with Oregon, nothing about this case would substantively change.

7 – OPINION AND ORDER

All of the issues at trial would remain the same, and all of the evidence presented would remain the same. ACI's contacts with Oregon do nothing to change whether or not its data is proprietary, and whether or not 9T Tech is currently illegally distributing that proprietary information. The viability of 9T Tech's claim does not in any way depend on or rely on ACI conducting business in Oregon. Put in the language of Ninth Circuit case law, given the nature and quality of ACI's contacts with Oregon, it cannot be said that 9T Tech's claim "[is] one that arises out of or results from [ACI]'s forum-related activities." *Data Disc*, 557 F.2d at 1287. I therefore find that there is no basis for this court to exercise specific jurisdiction over ACI.

## CONCLUSION

For the foregoing reasons, I hold that this court lacks both general and specific jurisdiction over ACI. Therefore, 9T Tech's complaint seeking a declaratory judgment is DISMISSED without prejudice. Because I find that I lack personal jurisdiction over ACI, I have not considered and express no opinion on ACI's arguments that this declaratory judgment action is premature, and that 9T Tech's complaint fails to properly state a claim for declaratory relief.

IT IS SO ORDERED

DATED this __17th__ day of December, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court